## Marjorie Wilcox Grant *vs*. Laura L. Wilcox.

### January 17, 1922.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Equity. Actual Fraud.*

When a bill in equity charges actual fraud, no matter what other allegations it may contain, the complainant stands or falls on that charge alone, as no other issue is before the court.

Bill in Equity. Heard on appeal of complainant from decree dismissing the bill. Decree of Superior Court modified and affirmed.

Rathbun, J. This is a bill in equity praying that the complainant's deed conveying certain real estate, described in the bill, to the respondent be set aside or in the alternative that the respondent be decreed to hold said real estate in trust for the complainant. The cause is before this court on the complainant's appeal from a decree of the Superior Court dismissing the bill.

The essential allegations in the bill of complaint are that Andrew J. Wilcox died January 8, 1918, intestate, leaving surviving him a widow, Laura L. Wilcox, the respondent, and as the sole heir-at-law Marjorie I. Wilcox (Mrs. Marjorie Wilcox Grant), the complainant, a daughter by a former marriage; that Andrew J. Wilcox died seized and possessed of the real estate in question; that the complainant had for many years lived at home under the control and the dominion of her father, Andrew J. Wilcox, and her stepmother, the respondent; that up to the time of the death of her father the complainant had had no business dealing or experience and was entirely ignorant of the law governing distribution of her father's estate and of her rights therein; that upon the death of Andrew J. Wilcox the respondent assumed the charge and control of the complainant and stood in *loco parentis* towards her in all things; that on January 22, 1918, the Probate Court of the town of North Providence granted

to the respondent letters of administration on the estate of said Andrew J. Wilcox; that the respondent, together with one Frank B. Reynolds, importuned the complainant to execute a deed conveying to the respondent the real estate in question and to make a will in favor of the respondent; that the respondent and said Reynolds represented to the complainant that, unless she executed such a deed, it would be necessary to sell all of the property constituting the estate of said Andrew J. Wilcox but that if she would execute such a deed to the respondent it would not be necessary to sell any of said property and that the complainant and respondent could continue to occupy their home and keep the stock and other property located there; that respondent and said Reynolds further represented to the complainant that it was necessary that said real estate should stand in the name of the respondent until the estate of Andrew J. Wilcox was settled; that said respondent promised and agreed that she would reconvey said real estate upon the settlement of said estate; that the complainant after much urging and advising by the respondent and said Reynolds, trusting and believing in their statements and promises, conveyed without consideration to the respondent all of the complainant's interest in the real estate in question; that the complainant, finding said representations and statements in regard to the necessity of transferring the real estate to be false and fraudulent, requested the respondent to reconvey said real estate and that the respondent has refused so to do.

The case was heard by a justice of the Superior Court on bill, answer and proof. When the complainant rested her case said justice dismissed the bill and entered a decree containing the following language:

"FIRST: That no false and fraudulent representations or statements were made by respondent or any other person in her behalf to the complainant whereby she was induced to execute the deed set forth in the Bill of Complaint.

"SECOND: That apart from any question of fraud the testimony failed to show that the respondent took any

advantage of her relationship to the complainant, or that said respondent held the real estate, set forth in the deed complained of, in trust for the complainant."

Said justice found that the complainant had failed to prove that actual fraud had been committed upon her and it appears from the record that said justice was of the opinion that inasmuch as the complainant had failed to establish her charges of actual fraud it was his duty to dismiss the bill without making further findings. However, said justice at the request of the parties and for the purpose of completing the record did proceed to make other findings, and found that no advantage was taken of the complainant; that she understood and appreciated what she was doing when she made the conveyance and that it was her voluntary intention to give said real estate to the respondent.

We think that said justice after finding that the complainant had failed to establish her charge of actual fraud should have dismissed the bill without making other findings. When at the hearing it appears that charges of actual fraud in a bill of equity have not been established, the rule in this State is that the bill will be dismissed notwithstanding that it states other grounds upon which relief might be granted. *Mt. Vernon Bank* v. *Stone*, 2 R. I. 129; *Tillinghast* v. *Champlin*, 4 R. I. 173; *Schuyler* v. *Stephens*, 27 R. I. 479; *Gilbane* v. *Union Trust Co*, 103 Atl. 485. In *Masterson* v. *Finnigan*, 2 R. I. 316 and in *O Connor* v. *O'Connor*, 20 R. I. 256, the principle was sustained but for reasons appealing to the court the complainant was permitted, after paying all costs and amending by striking out all allegations of fraud, to proceed with the bill. In *Aldrich* v. *Wilcox*, 10 R. I. 405, the court makes it clear that the rule applies only when actual or moral fraud as distinguished from constructive fraud is charged.

We are aware that in *Earle* v. *Chace*, 12 R. I. 374, and in *Providence Association* v. *Citizens Savings Bank*, 19 R. I. 142, the court after finding that the bill might be dismissed for failure to prove allegations of actual fraud stated that as the case had been presented on other grounds the court would

consider such other grounds. After considering the evidence and such allegations of the bill as did not charge actual fraud the court found that the complainant had failed to present a case which would have entitled him to relief if he had not made the mistake of charging actual fraud which he could not establish. At the time these cases were heard there was no appeal in equity causes. When *Earle* v. *Chace* was considered bills in equity were heard on the merits by the Supreme Court sitting *in banc*. When *Providence Association* v. *Citizens Savings Bank* was before the court bills in equity were heard on the merits by the Appellate Division of the Supreme Court. In each of the two cases next above mentioned the court stated that the bill might be dismissed for failure to prove allegations of fraud; but inasmuch as the case had been presented on all grounds and as the court had all of the evidence before them, said court, having both original and final jurisdiction of the subject matter, did express an opinion on the merits of the case, regardless of the failure to substantiate the charge of actual fraud, apparently for the purpose of advising the parties that it would be useless for the complainant to bring a new bill; but the procedure adopted in these two cases was a departure from the established practice. See *Mt. Vernon Bank* v. *Stone, supra; Tillinghast* v. *Champlin, supra.* The rule is now settled that when a bill charges actual fraud, no matter what other allegations the bill may contain, the complainant stands or falls upon that charge alone as no other issue is before the court. See *Schuyler v. Stephens, supra; Gilbane v. Union Trust Co. supra.* The decree appealed from is modified by striking out the second clause thereof and inserting in the fourth clause after the word "dismissed" the words "without prejudice except as to the question of actual fraud." In all other respects said decree is affirmed.

The cause is remanded to the Superior Court with direction to enter a decree in accordance with this opinion.

*George H. Raymond*, for complainant.

*James Harris, John C. Knowles*, for respondent.